This is a bill for an account filed June, 1815, returnable to August, 1815. Time was then given to answer. February, 1816, one month's time was given to answer. August, 1816, taken pro confesso as to Nichols; Joseph Scales allowed one month's time to answer, and if he answered, a replication to be filed, and the cause to be set for hearing, or otherwise to be taken pro confesso. The papers in the cause were mislaid by the plaintiff's counsel, and found and returned to the office in May, 1816. They had been thus mislaid since the February preceding. And now at this term, February, 1817, the cause standing ready for hearing as to both defendants, Scales offers his answer, and produces an affidavit stating that he could not well answer until Nichols had first answered; and states the want of the papers mislaid. It is further stated and not denied, though not inserted in the affidavit, that he was sick during the month allowed him to answer by the order of August, 1816, and for that reason could not comply with the order. The Act of 1801, c. 6, sec. 15, admits of the reception of the answer after the bill taken pro confesso, upon good cause shown, and also of the courts granting further day for the hearing. The meaning is, that both the deception of the answer and the giving further day for the hearing are discretionary, and to be allowed upon good cause shown. If good cause be shown for the one and not for the other, in that case the Court may allow of the one and refuse the other. The practice anterior to the art was to receive the answer, if unreasonable delay had not intervened; 2 Br. Ch. 279; and, when received, the defendant filing his answer was to pay costs. 3 Atk. 468. By the modern practice, the *Page 230 
answer is to be replied to instanter, and is not to delay the hearing. 4 Hen. Munford, 484. At law, if the defendant is allowed to plead at a late period, it is upon condition that the plaintiff shall not be delayed. As to the time between May and August, very little reason is offered for not answering. Could he not as well have answered then as now, without Nichols? The Court overlooked that, and gave further time in August. The time then given him to answer in he was sick. That forms an excuse, but much diminished by looking back upon his former conduct; but such as it is, taken together with the consideration that his answer states a material fact, which can not be examined into before the master in taking an account, and that it would be excluded from the view of the Court unless put in issue, it seems, therefore, that it should be deemed sufficient for the admission of Scales's answer. Let the answer be filed and replied to instanter, and the hearing of the cause not be at all delayed, unless good cause shown for a continuance; and should a continuance be rendered necessary for the plaintiff by this answer, or be obtained by the defendant Scales, then the defendant Scales to pay all the costs of this suit accrued since the time when this answer ought to have been filed by the rule of this court, that is to say, August term, 1815.
At another day in this term, another dispute arising between these parties, upon which counsel were heard, the Court delivered their opinion thereon as follows: The bill was filed 1813; January, 1814, Nichols filed a cross bill, returnable to August, 1814. August, 1814, Scales had time to answer. February, 1815, had time again, three months. February 15, 1815, amended bill filed by Scales, returnable to August, 1815. August, 1815, Nichols had two months to answer the amended bill, Scales one month to answer the Gross bill. February, 1816, Nichols had two months, and Scales one month. August, 1816, no rule in either case. *Page 231 
Rule day, January, 1817, the amended bill of Scales against Nichols taken pro confesso. Nothing was done in Nichols against Scales. Nichols now applies for leave to answer the amended bill. And it is said he must first answer the amended bill before he can be allowed to proceed in the cross bill. The answer ought to be allowed of. And the only question is, whether Nichols ought not to have answered the amended bill before he can proceed to the cross bill. The rule is correctly stated in 2 Atk. 218 or 219. The amended bill takes date from the day it is filed, and if that be after the cross bill, the latter must be first answered. Let the rule for taking pro confesso be set aside, and each answer according to the date of the bill he is to make answer unto. And Nichols to answer two months after Scales, who himself shall answer in one month.